# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| U-HAUL CO. OF GEORGIA AND U-HAUL INTERNATIONAL, INC.  *Plaintiffs*,  vs.  DEREK SEBASTIAN CARL  *Defendant*. | Case No. _____ |

## COMPLAINT

In this action, U-Haul Co. of Georgia (hereinafter "UHGA") and U-Haul International, Inc. (hereinafter "UHI")(collectively, "Plaintiffs") seek a declaration pursuant to 28 U.S.C. §§ 2201-2202 regarding their obligations arising from a rental agreement with Defendant Derek Sebastian Carl (hereinafter "Defendant") entered into in the State of Georgia on October 10, 2022. Specifically, Plaintiffs seek a declaration that UHGA's rental agreement does not provide insurance coverage when a vehicle is used in a criminal act by any unauthorized driver.

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff UHGA is a Georgia corporation organized under the law of the State of Georgia with its principal place of business located at 120 James Aldredge Boulevard, Atlanta, GA 30336.

2. Plaintiff UHI is a Nevada Corporation with its principal place of business located in Phoenix, Arizona.

3. Defendant is a citizen of the State of Pennsylvania and a resident of Northampton County. Defendant may be served at 4797 S Cypress Dr, Walnutport, PA 18088.

4. On December 8, 2023, John Bailey, through his temporary guardian Robin Haruyama, filed a lawsuit in the Supreme Court of the State of New York against Plaintiff UHI claiming it was negligent for: (1) providing inadequate security measures which allowed its vehicle to be stolen, (2) failing to have safety measures to deactivate the vehicle once reported stolen, and (3) failing to secure the facility from which its vehicle was stolen. Attached is a copy of the Complaint as **Exhibit A**.

5. Bailey/Haruyama is seeking $50,000,000.00 in damages from Plaintiff UHI arising from a December 21, 2022 motor vehicle accident involving the vehicle that Defendant rented in Georgia on October 10, 2022 from Midgard Self Storage,

an authorized U-Haul equipment dealer located at 2909 Log Cabin Drive, S.E. Smyrna, GA 30080, and since failed to return.

6. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are each citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Complete diversity exists as Plaintiffs are citizens of Georgia, Nevada, and Arizona, and Defendant is a citizen of Pennsylvania.

8. This court has general and specific jurisdiction over Defendant as he rented the relevant vehicle from a rental facility located at 2909 Log Cabin Drive SE, Atlanta, Georgia 30339 and was contractually required to return the vehicle to this same rental facility.

9. Venue is proper in this district under the provisions of 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

## **FACTS**

10. Plaintiffs hereby reference paragraphs 1 through 9 of this Complaint as if fully incorporated herein.

**The Rental Transaction and Accident**

11. On October 10, 2022, Defendant rented a U-Haul truck (Year/Make/Model: 2021 Chevy Silverado; Equipment No.: BP4121M; Arizona Plate No.: AL39208) (hereinafter "Truck") from Midgard Self Storage, an authorized U-Haul equipment dealer located at 2909 Log Cabin Drive SE, Smyrna, Georgia 30339. Copies of the Rental Contract and the Rental Contract Addendum/Document Holder (collectively, "the Rental Contract"), which contains the terms and conditions for this rental are attached hereto as **Exhibit B**.

12. Plaintiff UHGA is a company that markets, maintains, and rents U-Haul equipment across the State of Georgia.

13. Midgard Self Storage is an authorized dealer of U-Haul equipment pursuant to a dealership contract between it and UHGA.

14. Plaintiff UHI is a company that provides general support services to Plaintiff UHGA.

15. Defendant originally rented the Truck for one full day, having agreed to return it to Midgard Self Storage no later than October 11, 2022, by 5:00pm.

16. The Rental Contract was subsequently extended until October 30, 2022.

17. Defendant failed to return the Truck to Midgard Self Storage on October 30, 2022, or to any other U-Haul rental facility, at any time thereafter.

18. After several unsuccessful attempts to contact Defendant, Midgard Self Storage reported the Truck stolen to the Cobb County Police Department on December 1, 2022. A copy of this report is attached hereto as **Exhibit C**.

19. On December 21, 2022, pedestrian John Bailey (hereinafter "Bailey") was allegedly struck by the Truck by an unknown driver at the intersection of Borden Avenue and 21st Street in Queens, New York. The Truck and driver (still unknown) fled the scene. A copy of this report is attached hereto as **Exhibit D**.

20. On December 8, 2023, Bailey, through a temporary guardian, filed suit against UHI, the unknown driver of the Truck, the City of New York, the New York City Police Department, and an individually-named New York City Police Officer, alleging, among other things, that he was struck by the Truck as the police were chasing the vehicle on December 21, 2022. See **Exhibit A**.

21. Counsel for Bailey is seeking at least $50,000,000.00 in damages from U-Haul. Counsel's demand is attached hereto as **Exhibit E**.

22. Either the Truck was stolen from Defendant and Plaintiffs or Defendant is in fact the "John Doe" who was driving it in New York long after the rental period and it was reported stolen.

## Rental Contract Provisions

23. With every rental from Midgard Self Storage (and all dealers and centers in Georgia), including the instant rental of the Truck, UHGA renters and authorized drivers who are listed in the Rental Contract are provided by the minimum financial responsibility limits (hereinafter "MFR") required by the automobile financial responsibility law of Georgia, subject to certain exclusions and limitations set forth in the Rental Contract. *See* **Exhibit B**, Pg. 4, ¶ 3 ("An automobile liability insurance policy or a qualified self-insurance arrangement provides the authorized driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs.")

24. The Rental Contract governs the terms under which MFR coverage is provided to Defendant and authorized drivers in the event of an accident involving the Truck.

25. The Rental Contract specifically required Defendant to acknowledge that he "received and agree[d] to the terms and conditions of [the] Rental Contract and the Rental Contract Addendum." *See* **Exhibit B**, Pg. 1.

26. The Rental Contract contains a specific provision regarding Authorized and Unauthorized drivers, which states as follows:

> **"AUTHORIZED DRIVER"** – An **"Authorized Driver"** for **purposes of this Agreement is any driver listed on the U-Haul Equipment Contract as authorized by Company to operate a U-**

> Haul vehicle. "**UNAUTHORIZED DRIVER**" – An "Unauthorized Driver" for purposes of this Agreement is anyone NOT listed on the U-Haul Equipment Contract as an "Authorized Driver." These definitions supersede the definitions in the printed document holder, if any, provided with this transaction.

*See* **Exhibit B**, Pg. 1.

27. Defendant is the only driver listed on the U-Haul Equipment Contract for the Truck.

28. Defendant was contractually required to return the Truck on October 30, 2022, and that is when the MFR coverage ended for this rental.

29. The Rental Contract contains a specific provision regarding Liability Protection, which provides in relevant part:

> **I understand that this protection does not apply to: any intentional torts or criminal acts; [ ] any liability of a driver who is not an Authorized Driver and any liability for an accident which occurs while the EQUIPMENT is obtained or used in violation of this Agreement[.]**
>
> **Any protection provided in this section is limited to the duration of the Rental Contract as set forth in the individual rental contract signed by the Customer[.]**

*See* **Exhibit B**, Pg. 4, ¶ 3.

30. According to the case filed by Bailey/Haruyama in New York, the John Doe fled the police which is a violation of New York Penal Code § 270.25 and this is a crime for which there would be no coverage.   Per the Rental Contract,

"**Customer and any Authorized Driver understand that this protection does not apply to: any intentional torts or criminal acts[.]**" *See* **Exhibit B**, Pg. 4, ¶ 3.

## COUNT I – DECLARATORY JUDGMENT

31. Plaintiffs hereby reference paragraphs 1 through 30 of this Complaint as if fully incorporated herein.

32. An actual, live controversy exists between Plaintiffs and Defendant concerning the insurance coverage available to Defendant and/or any "John Doe" drivers of the Truck under the terms of the Rental Contract entered into in the State of Georgia on October 10, 2022.

33. A Declaration by this Court, as prayed for below, will terminate the controversy and remove uncertainty as to the legal rights and obligations between the parties.

34. Plaintiffs respectfully submit that this Court should exercise its power pursuant to 28 U.S.C. §§ 2201-2202 and issue an order declaring that, pursuant to the terms of the Rental Contract, there is no insurance coverage available to Defendant or any unauthorized "John Doe" drivers for intentional torts or criminal acts committed after the vehicle was reported stolen in the state of Georgia.

35. Without such a declaration from this Court, Plaintiffs are in a position of uncertainty and insecurity, and is at risk of taking some future action that might reasonably jeopardize its interests.

**WHEREFORE**, Plaintiffs respectfully request the following relief from this Court:

a. An order there is no insurance coverage available to Defendant or any unauthorized "John Doe" drivers for intentional torts or criminal acts committed after the vehicle was reported stolen in the state of Georgia; and

b. Any other relief that this Court deems just and proper.

Dated: December 31, 2024         Respectfully Submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Eric L. Foster*
Colin K. Kelly
Georgia Bar No.: 781072
Eric L. Foster
Georgia Bar No.: 424347
ckelly@shb.com
efoster@shb.com
1230 Peachtree St. NE, Suite 1200
Atlanta, Georgia 30309
Tel: (470) 867-6000
Fax: (470) 867-600

*Attorneys for U-Haul Co. of Georgia and U-Haul International, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| U-HAUL CO. OF GEORGIA AND U-HAUL INTERNATIONAL, INC.<br><br>*Plaintiffs*,<br><br>vs.<br><br>DEREK SEBASTIAN CARL<br><br>*Defendant*. | Case No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system, U.S. Mail, and electronic mail, as follows:

Derek Sebastian Carl
4797 S. Cypress Dr.
Walnutport, PA 18088
Derekcarl3223@gmail.com

*/s/ Eric L. Foster*
Eric L. Foster

10