## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| U-HAUL CO. OF GEORGIA, *et al.*,<br>    Plaintiffs,<br>                    v.<br>DEREK SEBASTIAN CARL,<br>    Defendant. | Civil Action No.<br>1:24-cv-06023-SDG |

## **OPINION AND ORDER**

This case is before the Court on Defendant Derek Sebastian Carl's motion to dismiss [ECF 7]. Plaintiffs U-Haul Co. of Georgia (UHGA) and U-Haul International, Inc. (UHI) bring this action seeking a declaratory judgment that they do not owe insurance coverage to Carl related to a December 2022 hit-and-run incident in Queens, New York, involving a vehicle rented by Carl from UHGA. Because there is a practical likelihood that Carl will be sued in the underlying New York litigation regarding the incident; the parties' rental contract obligates Plaintiffs to provide Carl with insurance coverage, subject to certain conditions; and the value of the object of this litigation exceeds the required amount in controversy; Carl's motion to dismiss is **DENIED**.

**I.   BACKGROUND**

These are the facts as alleged in the complaint, assumed to be true for the purposes of the instant motion.[1] In October 2022, Carl rented a truck from an authorized dealer of UHGA in Smyrna, Georgia, pursuant to a Rental Contract.[2] The Rental Contract provides authorized drivers with insurance to satisfy automobile minimum financial responsibility or compulsory insurance laws in the jurisdictions where they are driving, subject to certain conditions.[3]

At the end of the rental period, Carl did not return the truck, nor did he respond to the dealer's attempts to contact him.[4] The dealer then reported the truck as stolen.[5] That December, the truck reappeared in Queens, New York, in a hit-and-run incident.[6] While attempting to evade police, the truck struck a pedestrian named John Bailey.[7] The driver of the truck at the time of the incident

---

[1] Carl's motion to dismiss is both an attack on the legal sufficiency of the complaint under Fed. R. Civ. P. 12(b)(6) and a facial attack on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Either way, the Court must assume the well-pleaded factual allegations of the complaint to be true. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

[2] ECF 1, ¶ 11.

[3] *Id.* ¶ 23; *see also id.* Ex. B, at 5 ("Liability Protection").

[4] *Id.* ¶¶ 16–18.

[5] *Id.* ¶ 18.

[6] *Id.* ¶ 19.

[7] *Id.* ¶¶ 19, 20.

is unknown.[8] Bailey's appointed guardian filed suit against UHI, the John Doe driver, and others in New York state court, seeking $50 million in damages.[9]

Plaintiffs then filed this action against Carl, seeking a declaration that they are not obligated to provide any insurance coverage to Carl related to the incident.[10] Carl moves to dismiss the complaint.[11]

## II. DISCUSSION

Carl seeks to dismiss the complaint on two grounds: (1) there is no justiciable controversy between Plaintiffs and Carl, as there has not been a demand or claim made against Carl in the New York litigation, and therefore a declaratory judgment is improper; and (2) Plaintiffs' declaratory judgment claim does not meet the required amount in controversy, because Carl's coverage limit in the Rental Contract is $25,000, equal to the minimum required by Georgia law.[12] First, the Court concludes that there is a practical likelihood that Carl will be sued in the underlying New York litigation, and therefore there is a justiciable controversy between Plaintiffs and Carl suitable for declaratory judgment. Second, because the Rental Contract affords insurance coverage up to the minimum amount required

---

[8] *Id.*

[9] *Id.* ¶¶ 20, 21.

[10] ECF 1.

[11] ECF 7.

[12] *See generally id.*

3

by the jurisdiction where the collision occurred (here, New York), the Court concludes that the value of the object of this litigation exceeds the required amount in controversy, and so the Court may properly exercise diversity jurisdiction.

### A. This case presents a justiciable controversy.

Under the Declaratory Judgment Act (DJA), a district court may grant a declaratory judgment "[i]n a case of actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The DJA "does not enlarge the jurisdiction of the federal courts but rather 'is operative only in respect to controversies which are such in the constitutional sense.'" *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995) (quoting *Wendy's Int'l, Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989)). "[T]o demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed to seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210–11 (11th Cir. 2019) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

In the insurance context, "it is well settled that certain actions for declaratory relief regarding the extent of insurance coverage may present a justiciable controversy before a final liability judgment is rendered against a named insured." *Sheriff of Broward Cnty. v. Evanston Ins. Co.*, 159 F.4th 792, 804 (11th Cir. 2025) (citing, e.g., *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 271–74 (1941); *Edwards v. Sharkey*, 747 F.2d 684, 687 (11th Cir. 1984)). Quoting liberally from Wright & Miller's FEDERAL PRACTICE & PROCEDURE, the Eleventh Circuit noted in *GTE Directories* that:

> It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. ***The injured person may not sue or he may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible***.

67 F.3d at 1569 (quoting 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2757 (2d ed. 1983)) (emphasis added); *see also Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1383–84 (10th Cir. 2011) (collecting cases for the proposition that the injured party need not have sued the insured before a declaratory judgment action is filed). It is "the practical likelihood that the contingencies will occur and that the controversy is a real one [that] should be decisive in

determining whether an actual controversy exists." *GTE Directories*, 67 F.3d at 1569.

Here, Plaintiffs have alleged that Carl rented the truck and was the only authorized driver; Carl did not return the truck or respond to attempts to contact him; and the driver of the truck at the time of the hit-and-run is unknown. These allegations permit the reasonable inference that Carl was the driver of the truck at the time of the incident, and so he is the John Doe defendant in the New York litigation.[13] Thus, there is a practical likelihood that Carl will be brought into the New York litigation, in which Bailey may obtain a judgment against him. Pursuant to the Rental Contract, Plaintiffs provided Carl with insurance coverage up to the applicable minimum requirements, subject to certain conditions they seek to litigate here. Under these circumstances, a sufficient controversy exists between Plaintiffs and Carl, such that an action for declaratory judgment is appropriate.

---

[13] Given the gravity of these allegations, the Court emphasizes that it takes no position as to whether Carl is in fact the John Doe driver. Moreover, subsequent developments in the New York litigation may also **reduce** the practical likelihood that Carl faces liability there. By way of example and not limitation, discovery may reveal that Carl is ***not*** the John Doe driver, or Bailey may not seek to add Carl as a party. The Court or a party may re-raise this issue at any time during this litigation. *See Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978) ("If a controversy becomes moot at any time during the trial or appellate process, the court involved must dismiss the suit for want of jurisdiction.").

**B. The value of the object of this litigation exceeds the required amount in controversy.**

In a diversity case such as this one, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."). Stated plainly, "the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (cleaned up). The Court may rely on its experience and common sense to make that determination. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

This Court has previously wrestled with the Eleventh Circuit's caselaw regarding the proper measure of the amount in controversy in a declaratory judgment action between an insurer and its insured. *See generally Allstate Vehicle & Prop. Ins. Co. v. Jawanda*, 728 F. Supp. 3d 1246 (N.D. Ga. 2024). In *Jawanda*, the Court noted that the relevant perspective for determining the object value of the

7

litigation—that of the plaintiff-insurer in the declaratory judgment action or the injured plaintiff in the underlying litigation—is not entirely clear from the caselaw. *Id.* at 1254 n.23 (comparing *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016), *with Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *3–4 (11th Cir. Feb. 3, 2023)). But as in *Jawanda*, the Court concludes that whichever way one looks at it, the jurisdictional amount in controversy is satisfied.

The Rental Contract provides liability coverage for "the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which an accident occurs."[14] The incident here occurred in New York, and New York law requires minimum liability coverage of $25,000 for bodily injuries and $10,000 for property damage, as well as $50,000 in no-fault personal injury protection, which covers injured pedestrians.[15] The complaint incorporates a $50 million settlement demand from Bailey's counsel, which alleges

---

[14] ECF 1, Ex. B, at 5 ("Liability Protection").

[15] N.Y. Dep't. of Fin. Servs., *Auto Insurance Information for Consumers: Minimum Auto Insurance Coverage*, https://www.dfs.ny.gov/consumers/auto_insurance/Auto_resource_center [https://perma.cc/FM4J-LWXR]. The Court notes that Plaintiffs' citation for this proposition is a dead hyperlink to what appears to be a similar webpage. ECF 10, at 4 n.1. However, Carl did not file a reply challenging this point. Considering that neither webpage would be binding authority in any event, the Court may revisit this point upon a proper showing.

that Bailey is in a vegetative state as a result of the incident.[16] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Vegetative State*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A coma-like medical condition resulting from severe brain damage, characterized by open eyes and the appearance of wakefulness although without clinical signs of awareness or cognitive functioning."). The Court's experience and common sense establishes that the severity of Bailey's alleged injuries is at least equal to the $85,000 in insurance coverage afforded by the Rental Contract, and likely much greater. Accordingly, the Court concludes that the amount in controversy in this case is greater than $75,000. As there is also complete diversity between the parties,[17] the jurisdictional requirements of § 1332(a) are satisfied.

## III.   CONCLUSION

Carl's motion to dismiss [ECF 7] is **DENIED**. Carl shall file his Answer within 14 days of this Order. The parties are **DIRECTED** to file the Joint Preliminary Report and Discovery Plan required by LR 16.2, NDGa, within 30 days

---

[16]   ECF 1, Ex. E.

[17]   UHGA is a Georgia corporation with its principal place of business in Georgia, and therefore a citizen of Georgia. *Id.* ¶ 1; *see also* 28 U.S.C. § 1332(c). UHI is a Nevada corporation with its principal place of business in Arizona, and therefore a citizen of Nevada and Arizona. ECF 1, ¶ 2. Carl is a citizen of Pennsylvania. *Id.* ¶ 3.

of Carl's Answer to the complaint. In the Joint Preliminary Report and Discovery Plan, the parties shall provide a status update on the underlying New York litigation.

**SO ORDERED** this 9th day of February, 2026.

_____
Steven D. Grimberg
United States District Judge